IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIM KLAGES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18cv524-ECM |
| | ) | (WO) |
| STANDARD INS. CO. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now pending before the court is a stipulation of dismissal filed by the plaintiffs. (Doc. # 28). Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that the plaintiff may dismiss an action without court order by "filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Defendant Standard Insurance Company filed an answer on May 29, 2018. Consequently, the plaintiffs' stipulation of dismissal is not proper under FED.R.CIV.P. 41(a)(1)(A)(i). FED.R.CIV.P. 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." The stipulation of dismissal is signed only by the plaintiffs. (Doc. # 28).

Because defendant Standard Insurance Company has appeared and filed an answer, dismissal must be by motion. *See* Fed. R. Civ. P. 41(a)(2). Accordingly, the

court construes the plaintiffs' stipulation as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). For good cause, it is

ORDERED that the motion to dismiss (doc. # 28) is GRANTED, and this case be and is hereby DISMISSED with prejudice, each party to bear its own costs. It is further

ORDERED that all pending deadlines are terminated and all pending motions are hereby DENIED as moot.

DONE this 13th day of December, 2018.

                                                    /s/ Emily C. Marks  
                                                  EMILY C. MARKS  
                                                  UNITED STATES DISTRICT JUDGE